DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Justus Okoh, ) | |
| ) | CASE NO. 05:05CV1776 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | & ORDER (Resolving Doc. No. 15) |
| Sears, Roebuck and Co., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On July 13, 2005, this matter was removed from the Summit County Court of Common Pleas, pursuant to 28 U.S.C. 1441 with subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. 1332. At the time of removal, the Plaintiff, an Ohio citizen, brought claims against the corporate Defendant Sears, a New York corporation with its principal place of business in Illinois, a "John Doe security guard" defendant and a "John Doe security company" defendant.

For purposes of removal, the citizenship of the John Doe defendants is not considered as they are not yet identified. 28 U.S.C. 1441(a). This matter was, therefore, properly removed.

The John Doe security guard has been named in a recently filed amended complaint as Mike Rowlands, who, it is undisputed, is a citizen of Ohio, and whose inclusion in the lawsuit would destroy total diversity. Mr. Rowlands was served on or about September 21, 2005 (Doc. No. 16).

Defendant has filed a motion to strike the amended complaint (Doc. No. 15). Plaintiff has filed a response (Doc. No. 17) and Defendant a reply brief (Doc. No. 20).

While the motion and responses address the issue of amending the complaint, the real issue

(5:05CV1776)

presented is whether the Court will allow the action to proceed with the newly named non-diverse Defendant. For the following reasons, the motion to strike the amended complaint or in the alternative motion to drop dispensable party (Doc. No. 15) is denied. Further, the Court shall remand this action to the Common Pleas Court of Summit County.

Defendant seeks to avoid this result by first arguing that Plaintiff needed to leave to file the amended complaint that added Defendant Rowlands. However, the Court specifically granted leave to file such an amended complaint and join parties until September 16, 2005 (Doc. No. 11) and plaintiff filed within the allotted time.

Defendant further argues that adding a party in the filing of the amended complaint was contrary to rule. Again, the Court finds that Plaintiff had leave to amend its complaint and joining a party was in line with the Court's leave.

Defendant finally argues that the Court should not permit joinder of a non-diverse defendant because to do so would destroy diversity, requiring remand. To consider this issue, the Court relies on the balancing test presented by 28 U.S.C. 1447(e), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

This balancing contemplated by Section 1447(e) is left to the sound discretion of the court, Mayes v. Rapoport, 198 F.3d 457 (4th Cir. 1999). Factors to consider are: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for the amendment, whether the plaintiff will be significantly injured if amendment is not allowed and any other factors bearing on the equities. Mayes, 198 F.3d at 462-463.

(5:05CV1776)

Defendant argues that the Ohio citizen was added simply to destroy diversity. However, the John Doe Security Guard defendant was identified at the time of filing the complaint. It is reasonable to expect that Plaintiff could not know the identity of the security guard until after the filing of the lawsuit. Joining this individual defendant in the lawsuit could be anticipated by the nature of the complaint. The Court finds that he was not added simply to destroy diversity and that Plaintiff has not been dilatory in naming the individual defendant.

The Court further finds that this individual defendant is important to the allegations in Plaintiff's amended complaint. Rowlands is alleged to be the security guard that Plaintiff alleges committed acts unlawful under Ohio law both individually and on behalf of his Defendant employer. He is alleged to be the primary actor in the case.

Defendant cites Lederman v. Marriott Corp., 834 F. Supp. 112 (S.D.N.Y. 1993) as similar to the case at bar. In Lederman, plaintiff sued the hotel chain for an attack that came at the hands of a former hotel employee. When Defendant removed the action from state court, it also included John Doe claims against a security guard and firm. When it turned out that the John Does were not diverse, plaintiff sought remand. The Court refused to remand, finding that the claims against the security guard and security company were answerable in large part by the defendant hotel.

However, this Court is not bound by the decision in Lederman. More importantly, the Court in Lederman was not presented with claims against the alleged wrongdoer or prime actor. The comparison to the present case fails for that reason.

Defendant argues in the alternative that the Court should determine that even if Defendant Rowlands is properly joined, he is a dispensable party and the Court should dismiss him from the instant

(5:05CV1776)

action. Plaintiff is unwilling to agree to dismissal of Defendant Rowlands and argues that he is indispensable to the action.

The Court concludes that in need not engage in a determination of dispensable versus indispensable parties for purposes of determining remand of an action. See <u>Mayes v. Rapoport</u>, 198 F.3d at 462. However, given the factual allegations of this case, the Court would find Rowlands an indispensable party to the action in light of Plaintiff's state law claims as they may apply to conduct that defendant Sears may claim was outside the scope of his employment.

Accordingly, Defendant's motion to strike the amended complaint or in the alternative motion to drop dispensable party (Doc. No. 15) is denied. The Court further finds that diversity jurisdiction pursuant to 28 U.S.C. 1332 is no longer proper and pursuant to 28 U.S.C. 1447(e) <u>sua sponte</u> remands this action to the Summit County Court of Common Pleas.

IT IS SO ORDERED.

  October 14, 2005                             /s/ David D. Dowd, Jr.
Date                                       David D. Dowd, Jr.
                                           U.S. District Judge